THE STATE, TO THE USE OF HAYS' ADMINISTRATOR, Respondent, *vs.* PETTICREW'S EXECUTOR, Appellant.

1. A referee need not report his decision in admitting or rejecting a witness or testimony, unless required so to do by the order of reference.
2. In an action against the executor of an executor upon the latter's bond, it is necessary that the declaration should allege that neither the executor, in his life time, *nor his executor since,* have performed the act required by law or the order of the court. Such an allegation will not make the declaration bad for a misjoinder of actions.

*Appeal from Chariton Circuit Court.*

*Abell & Stringfellow,* for appellant. 1. It was the duty of the referee to report the evidence offered, and his action in receiving or rejecting it. 2. The declaration is fatally defective, in uniting causes of action arising before the death of Petticrew and since the administration of Williams—causes of action against the executor as such, and against him personally. This defect is not cured by the verdict. 1 Chitty's Pl. 235, 236.

*Morrow,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. This cause was begun before the late practice act went into effect. The court, against the consent of the parties, had authority, under the 24th section of the fifth article of the act

concerning practice at law, to make a reference of the cause, as its trial required the examination of a long account. The order of reference directed that the referee should hear and decide the whole issue between the parties, and make report thereof to the next term of the court. There was no order made pursuant to the thirty-second section of the act concerning arbitrations and references, requiring the referee to report his decision in admitting or rejecting any witness, or the deposition of any witness or other testimony and other matters mentioned in that section. The report of the referee shows that objections to the admission and rejection of evidence were made, but nothing of the evidence is preserved in the bill of exceptions. Neither party having moved the court to require this report, all cause of complaint is removed.

2. We do not see any foundation for the objection that there is a misjoinder of action. The suit is brought against the executor of Petticrew, who himself was executor of Robert Hays, by an administrator *de bonis non* of said Hays.

The declaration avers that an order of the county court was made on the defendant, Williams, as executor, to pay and to deliver over to the plaintiff, Allen, as administrator *de bonis non* of Hays, all the moneys, evidences of debt, books and papers, and all the real and personal estate belonging to the succession of the said Hays. There is, then, an allegation that, neither Petticrew, in his life-time, nor his executor after his decease, did make a true inventory, faithfully execute the last will and testament of the said Robert Hays, nor render just accounts, nor perform and do every thing required by law or the order of the court; nor did he pay or deliver over to Thos. H. Allen, as administrator as aforesaid nor otherwise, all, nor any of the moneys, evidences of debt, books, papers and other property, which were of said Hays, at the time of his death, but so to do, they, the said Petticrew, in his life-time, and the said Williams, since the said Petticrew's death, have thereto wholly failed. The suit having been brought on the bond of Petticrew, as executor, to constitute a breach, it was necessa-

ry to allege that neither Petticrew, in his life-time, nor his executor since, had performed the acts required by law, or the order of the court. The averment amounts to nothing more than the usual allegation in all declarations on bonds of deceased persons, that neither the testator, in his life-time, nor his executor since his decease, has paid the same. The declaration no where seeks to render the defendant liable in his individual capacity. The averment that the defendant was required, by the order of the county court, to pay over to the successor of Petticrew, as the representative of Hays, does not change the matter. He was already under obligation to do it, and the order of the court must be regarded as merely cumulative. It is alleged as an additional motive why the defendant should have complied with the condition of the bond of his testator, Petticrew. If there was no breach of the condition of his bond in the life-time of Petticrew, his executor could have saved one, by a compliance with its conditions after his death. The objection is founded on a misconception of the declaration.

The other judges concurring, the judgment will be affirmed.